Morton L. SCHMOE; et al.,
Plaintiffs—Appellants,

v.

YUBA COUNTY; et al., Defendants—
Appellees.

No. 02–15488.

D.C. No. CV–00–01364–WBS.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 14, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM**

Morton L. Schmoe, Cheryl E. Schmoe, and Geneva E. Meyers appeal pro se the

---

\* The panel unanimously finds this case suitable for decision without oral argument and Ap-

pellants' request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-

district court's summary judgment dismissing their civil rights action alleging that Yuba County officials violated the Fourth Amendment and their right to due process and equal protection. We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment de novo, *see David v. City of Los Angeles,* 307 F.3d 1143, 1145 (9th Cir.2002), and we affirm.

■ The district court properly granted summary judgment on Appellants' procedural due process claim because they were given notice and an opportunity to contest the findings of county inspectors at a hearing, and subsequently appealed the results of that hearing. *See Conner v. City of Santa Ana,* 897 F.2d 1487, 1492–93 (9th Cir.1990).

■ The district court also properly granted summary judgment on Appellants' equal protection claim because they failed to show that the Appellees "acted with an intent or purpose to discriminate against [them] based upon membership in a protected class." *See Lee v. City of Los Angeles,* 250 F.3d 668, 686 (9th Cir.2001) (citation omitted).

■ Finally, the district court properly granted summary judgment on Appellants' Fourth Amendment claim because Appellants had no legitimate expectation of privacy with regard to open fields observable from a public road. *See Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir.2001). The district court also properly concluded that entry by officials onto the Appellants' property to discuss possible nuisance violations did not violate the Fourth Amendment and that a final inspection of the property was conducted pursuant to a valid warrant. *See United*

*States v. Hammett,* 236 F.3d 1054, 1059–60 (9th Cir.), *cert. denied,* 534 U.S. 866, 122 S.Ct. 152, 151 L.Ed.2d 102 (2001).

We decline to consider Appellants' remaining contentions because Appellants raise them for the first time on appeal. *See Nelson v. City of Irvine,* 143 F.3d 1196, 1205 (9th Cir.1998).

**AFFIRMED.**

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

